UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA J. MAYNARD,

       Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

       Defendant.

Case No. C09-5525RBL

ORDER GRANTING ATTORNEY FEES AND EXPENSES

This matter comes before the Court on Plaintiff's motion for motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff seeks an award of $4,839.94 in attorney fees and $20.91 in costs. The Defendant has filed a response stating the Commissioner has no objection to the requested fees and costs.

The Ninth Circuit has established that the Equal Access to Justice Act (EAJA) applies in social security cases. <u>Wolverton v. Heckler</u>, 726 F.2d 580 (9th Cir. 1984).

The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court

ORDER - 1

having jurisdiction over than action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A party can be found to prevail when there is a "material alteration of the legal relationships of the parties," and the material alteration is "judicially sanctioned." Carbonell v. INS, 429 F.3rd 894, 898 (9th Cir. 2005). A material alteration of the legal relationships of the parties occurs when one of the parties is required to do something directly benefitting the other party that they would not otherwise have had to do. Id. at 900. A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit. Id., at 900 nt. 5. A litigant prevails for purposes of awarding EAJA fees without a judicial judgement as long as the action has sufficient "judicial imprimatur." Id. at 899.

The Supreme Court has defined the term "substantially justified" as "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). To be substantially justified, the government must have "a reasonable basis both in fact and in law." Id. at 568. The Ninth Circuit has held that the government must be substantially justified during both the underlying agency action and the litigation itself. Al-Harbi v. INS, 284 F.3d 1080, 1084-85 (9th Cir. 2002). Thus, the government must meet this threshold twice - once with regard to the underlying agency action, and then with regard to its litigation position in the proceedings arising from that action. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

The party seeking fees must submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved." Hensley v. Eckerhart, 461 U.S. 424, 431 (1983). However,

ORDER - 2

1  "excessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award.  Id.
2  at 434.  Although the fee applicant bears the burden of documenting the appropriate hours
3  expended, "the party opposing the fee application has a burden of rebuttal that requires submission
4  of evidence to the district court challenging the accuracy and reasonableness of the hours charged or
5  the facts asserted by the prevailing party in its submitted affidavits."  Gates v. Deukmejian, 987
6  F.2d 1392, 1397-98 (9th Cir. 1993).

7  By Order dated March 1, 2010, this action was reversed and remanded to the Social Security
8  Administration for further administrative proceedings.  The Order is fully favorable to Plaintiff and
9  materially advances his position.  The Defendant's position was not substantially justified as
10  defined by the EAJA, and that there are no special circumstances that would make an award in this
11  case unjust.  Counsel for Plaintiff has filed his affidavit seeking attorney fees totaling $4,839.94
12  based upon an expenditure of 28.1 hours of attorney's time and $20.91 in expenses to maintain this
13  action.  The government has filed a response stating it has no objection to this request.  The Court
14  finds the requested fees and expenses to resolve this matter to be reasonable.  Plaintiff has provided
15  sufficient itemized statements of how the time was distributed.

16  ACCORDINGLY,

17  IT IS ORDERED:

18  Plaintiff's petition for an award of attorney's fees and expenses [Dkt # 22] is **GRANTED**.

19  Attorney's fees in the amount of $4,839.94 and expenses in the amount of $20.91 are

20  awarded to Plaintiff made payable to Plaintiff's attorney Eitan Kessel Yanich.

21  DATED this 8th day of April, 2010.

　
　
　　　　　　　　　　　　　　　　　　　　/s/ Ronald B. Leighton
　　　　　　　　　　　　　　　　　　　　RONALD B. LEIGHTON
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

ORDER - 3